UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
FEB 01 2024
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.  SUPERSEDING INDICTMENT NO. 23-CR-110-S-KKC-MAS

KEITH LAMONT STALLWORTH,
a/k/a/ "MONSTA", and
PAIGE V. GRAVES

* * * * *

THE GRAND JURY CHARGES:

## COUNT 1
### 21 U.S.C. § 841(a)(1)

On or about August 10, 2023, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**KEITH LAMONT STALLWORTH**

did knowingly and intentionally possess with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

### 21 U.S.C. § 851 Enhancement

Before the Defendant, **KEITH LAMONT STALLWORTH**, committed the offense charged in this count, he had final convictions for the serious drug felonies of Trafficking in a Controlled Substance First Degree by final judgment of the Boyle Circuit

Court under indictment number 04-CR-043(three counts) in March 2005. The Defendant served more than 12 months of imprisonment and he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT 2
## 21 U.S.C. § 841(a)(1)

On or about August 10, 2023, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**KEITH LAMONT STALLWORTH**

did knowingly and intentionally possess with the intent to distribute 50 grams or more of methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

### 21 U.S.C. § 851 Enhancement

Before the Defendant, **KEITH LAMONT STALLWORTH**, committed the offense charged in this count, he had final convictions for the serious drug felonies of Trafficking in a Controlled Substance First Degree by final judgment of the Boyle Circuit Court under indictment number 04-CR-043(three counts) in March 2005. The Defendant served more than 12 months of imprisonment and he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT 3
## 18 U.S.C. § 924(c)(1)(A)

On or about August 10, 2023, in Fayette County, in the Eastern District of Kentucky,

**KEITH LAMONT STALLWORTH**

did knowingly carry and use a firearm, to wit: a loaded Palmetto State Armory Model: Rock: Caliber 57 handgun (S/N RK019368), during and in relation to the drug trafficking crimes as charged in Counts 1, 2, and 8 of this Second Superseding Indictment for which he may be prosecuted in a court of the United States, all in violation 18 U.S.C. § 924(c) (1)(A).

## COUNT 4
## 18 U.S.C. § 924(c)(1)(A)

On or about August 10, 2023, in Fayette County, in the Eastern District of Kentucky,

**KEITH LAMONT STALLWORTH**

did knowingly possess a firearm, to wit: a machine gun described as a loaded Smith and Wesson .40 caliber semiautomatic pistol (S/N BFBS864) GMB H, Model 27GEN4 originally manufactured as a semi-automatic by Glock, GMBH in Austria, in furtherance of the drug trafficking crimes charged in Counts 1, 2, and 8 of this Second Superseding Indictment for which he may be prosecuted in a court of the United States, all in violation 18 U.S.C. § 924(c)(1)(A).

## COUNT 5
## 18 U.S.C. § 922(g)(1)

On or about August 10, 2023, in Fayette County, in the Eastern District of Kentucky,

**KEITH LAMONT STALLWORTH,**

knowing that he had previously been convicted of a felony offense punishable by a term of one year or more, did knowingly possess in and affecting commerce, firearms, including but limited to a loaded Palmetto State Armory Model: Rock: Caliber 57 handgun (S/N RK019368), and a loaded machine gun described as a Smith and Wesson .40 caliber semiautomatic pistol (S/N BFBS864) GMBH, Model 27GEN4 originally manufactured as a semi-automatic by Glock, GMBH in Austria and subsequently imported by Glock, Inc., all in violation of 18 U.S.C. § 922(g)(1).

## COUNT 6
## 18 U.S.C. § 922(g)(1)

On or about August 10, 2023, in Fayette County, in the Eastern District of Kentucky,

**PAIGE V. GRAVES**

knowing that she had previously been convicted of a felony offense punishable by a term of one year or more, did knowingly possess in and affecting commerce, a firearm, to wit, a loaded Glock 9mm pistol, Model 43 (S/N ZWH526, all in violation of 18 U.S.C. § 922(g)(1).

## COUNT 7
## 18 U.S.C. § 922(o)

On or about August 10, 2023, in Fayette County, in the Eastern District of Kentucky,

**KEITH LAMONT STALLWORTH**

knowingly possessed a machinegun, that is, a weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger, including any part designed and intended solely and exclusively for use in converting a weapon into a machinegun, all in violation of 18 U.S.C. § 922(o).

## COUNT 8
## 26 U.S.C. § 5841(j)

On or about August 10, 2023, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**KEITH LAMONT STALLWORTH**

knowingly transported, delivered, and received from Austria to Kentucky, in interstate and foreign commerce, a firearm, that is, a loaded machine gun described as a Smith and Wesson .40 caliber semiautomatic pistol (S/N BFBS864) GMBH, Model 27GEN4 originally manufactured as a semi-automatic by Glock, GMBH, not registered as required by Chapter 53 of Title 26, all in violation of 26 U.S.C. § 5841(j).

## COUNT 9
## 21 U.S.C. § 856(a)

On or about July 1, 2023, the exact date unknown and continuing through on or about August 10, 2023, in Fayette County, in the Eastern District of Kentucky,

**KEITH LAMONT STALLWORTH**
**and PAIGE V. GRAVES**

did knowingly open, use, and maintain a place, to wit a residence on Stone Avenue,

Lexington, Fayette County, Kentucky, whether permanent or temporarily, for the purpose of manufacturing and distributing controlled substances, all in violation of 21 U.S.C. § 856(a).

## FORFEITURE ALLEGATIONS
### 21 U.S.C. § 853
### 18 U.S.C. § 924(d)
### 26 U.S.C. § 5872
### 28 U.S.C. § 2461

1. By virtue of the commission of the felony offenses alleged in Counts 1, 2, and 9 of the Indictment, **KEITH LAMONT STALLWORTH and PAIGE V. GRAVES** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. §§ 841 and/or 856 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of those violations. Any and all interest that **KEITH LAMONT STALLWORTH and PAIGE V. GRAVES** have in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offenses alleged in Counts 3-7 of the Indictment, **KEITH LAMONT STALLWORTH and PAIGE V. GRAVES** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violations of 18 U.S.C. §§ 922 and 924. Any and all interest that **KEITH LAMONT STALLWORTH and PAIGE V. GRAVES** have in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3.  By virtue of the commission of the offense alleged in Count 8 of the Indictment, **KEITH LAMONT STALLWORTH** shall forfeit to the United States any firearm involved in the violation of 26 U.S.C. § 5841. Any and all interest that **KEITH LAMONT STALLWORTH** has in this property is vested in and forfeited to the United States pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461.

4.  The property to be forfeited includes, but is not limited to, the following:

**FIREARMS, AMMUNITION, AND ACCESSORIES:**

a) Palmetto State Armory Pistol, Model: Rock, Caliber: 57, S/N RK019368;
b) Machine gun identified as Smith & Wesson .40 caliber semiautomatic pistol, S/N BFBS864, originally manufactured as Glock GMBH pistol, Model 27GEN4, loaded with extended magazine;
c) Glock 9mm pistol, Model 43, S/N ZWH526; and
d) Assorted ammunition, magazines, and accessories.

4.  If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

███████████████████████
FOREPERSON

*[signature]*

**CARLTON S. SHIER IV**
**UNITED STATES ATTORNEY**

## PENALTIES

**COUNT 1:** Not less 5 years nor more than 40 years imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

**If prior qualifying felony conviction:**
Not less 10 years nor more than Life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

**COUNT 2:** Not less than 10 years imprisonment nor more than Life imprisonment, not more than a $10,000,000 fine, and at least 5 years supervised release.

**If prior qualifying felony conviction:**
Not less than 15 years nor more than Life imprisonment, not more than a $20,000,000 fine, and at least 10 years supervised release.

**COUNTS 3 & 4:** Not less than 5 years imprisonment, but not more than Life imprisonment, consecutive to any other sentence of imprisonment, not more than a $250,000 fine, and not more than 5 years supervised release,.

**If machine gun was possessed in furtherance of drug trafficking crimes:**
Not less than 30 years imprisonment, consecutive to a term of imprisonment for a qualifying underlying conviction not more than a $250,000 fine, and not more than 5 years supervised release.

**COUNTS 5 & 6:** Not more than 15 years imprisonment, not more than a $250,000 fine, and not more than 3 years supervised release.

**COUNTS 7 & 8:** Imprisonment for not more than 10 years, a fine of not more than $250,000, and supervised release for not more than 3 years.

**COUNT 9:** Imprisonment for not more than 20 years, a fine of not more than $500,000, and supervised release for not more than 3 years.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.