UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON
CRIMINAL NO. 5:23-CR-110-KKC-MAS
***ELECTRONICALLY FILED***

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                                    **DEFENDANTS' MEMORANDUM**

KEITH LAMONT STALLWORTH                                                 DEFENDANT

*******************

Comes the Defendant, Keith Lamont Stallworth, through counsel, and pursuant to the Court Order dated August 23, 2024, hereby submits his memorandum in support of his proposed jury instructions relating to Count 4 of the First Superseding Indictment. In support, Defendant states as follows:

I. FACTUAL AND PROCEDURAL BACKGROUND

On February 1, 2024, Defendant was indicted on eight counts relating to drug trafficking and illegal gun use and possession. DE 90. Count 4 alleged possession of a machine gun in furtherance of drug trafficking, in violation of 18 USC § 924(C)(1)(A), which carries a thirty-year mandatory minimum. Id. at Page ID 92, 98. In advance of a previously scheduled jury trial, Defendant submitted his proposed jury instructions to counts of the superseding indictment, including Count 4. DE 52, Page ID 213-216.

Thereafter, on July 29, 2024, Defendant entered an open guilty plea to Counts 1, 2, and 9 of the first superseding indictment. DE 67. The trial was rescheduled to October 15, 2024. Id. Furthermore, by Agreed Order dated August 23, 2024, the Court ordered the parties to submit memorandums in support of proposed jury instructions for Count 4 by September 16, 2024. DE 72. This memorandum followed.

## II. LEGAL MEMORANDUM

The main issue regarding Count 4 is Defendant's knowledge that the firearm in question was a machinegun. As the second element of Count 4, Defendant proposed that the government must prove that Defendant "knowingly possessed" a machine gun as described in the First Superseding Indictment. DE 52, Page ID 213. "Knowingly" being defined as "voluntarily and intentionally, and not because of mistake or accident." Id. Furthermore, "knowingly" means "Defendant had knowledge of the characteristics that the firearm was a machine gun. Id. at Page ID 214.

The basis of this instruction was a recent First Circuit case styled *United States v. Perez-Greaux,* 84 F.4th 1 (1st Cir. 2023). In that case, appellant was charged with possessing a machine gun in furtherance of drug trafficking, in violation of 18 USC § 924(C)(1)(A). *Id.* at Page 1-2. At trial, the district court instructed the jury, over appellate's objection, that the government need not prove that appellant knew beyond a reasonable doubt that the firearm in question was a machine gun. *Id.* at 2. The only fact that needed to be proven was that the firearm was a machine gun. *Id.* The issue on appeal was "Did Congress intend to make a conviction for the possession of a machine gun under 18 USC § 924(c) a strict liability crime?" *Id.* at page 12-13. The Court held that it did not. *Id.* at 13.

The Court held that § 924(c) was silent on the issue of mens rea, which "requires proof that the defendant knew" the subject gun was a machine gun. *Id.* at Page 13 ("Proof of mens rea 'requires proof that the defendant know the facts that make his conduct illegal.'"); *see also Id.* at Pages 16-17. Silence, alone, "does not necessarily suggest that Congress intended to dispense with conventional mens rea element." *Id.* at 17; *citing Rehaif v. United States,* 139 S.Ct. 2191, 2195 (2019) ((stating that "the presumption in favor of scienter" applies "even when Congress does not

specify any scienter in the statutory text," and "applies with equal or greater force when Congress includes a general scienter provision in the statute itself"). Legislative history and the statutory structure provided no guidance on this issue either. *Id.* at 17-18. As a result, the Court turned to Supreme Court case law regarding the presumption of *mens rea. Id.* at 18.

According to the Court, there were a number of cases supporting the legal conclusion that mens rea is presumed in all federal criminal statutes. *Id.; citing Staples v. United States,* 511 U.S. 600, 605 (1994). However, "how the Supreme Court applies the presumption of mens rea, we note that it has drawn an important distinction between elements of an offense and sentencing factors." *Id.* at 20. "An element of the offense is a "fact necessary to constitute the crime." *Id.* A sentencing factor generally "involve characteristics of the offender – such as recidivism, cooperation with law enforcement, or acceptance of responsibility." *Id.* "Elements must be proven to a jury beyond a reasonable doubt while sentencing factors only need to be proven to a judge by a preponderance of the evidence." *Id.*

When the above rules considered, alongside the Supreme Court's decisions in *United States v. Dean* and *O'Brien,* "together with the principles of criminal law, stand for the proposition that the presumption of mens rea applies to § 924(c). *Id.* at 21. In *Dean,* the Supreme Court held that discharging a firearm during a crime of violence or drug trafficking, which imposed a ten year mandatory minimum, was a sentencing factor wherein proof of intent was not required. *Id.*; *citing Dean,* 556 U.S. 573-74 (2009). In *O'Brien,* the Supreme Court again confirmed the distinction between elements and sentencing factors as it related to application of the mens rea presumption. *Id.*

In *O'Brien,* the Supreme Court held that, when someone is charged with possession of a machine gun under 18 § USC 924(c)(1)(B)(ii), the government must prove beyond a reasonable

3

doubt that the defendant knew the firearm was a machinegun. *Id.* at 21-22; *citing Untied States v. O'Brien,* 560 U.S. 218, 221 (2010). The purpose behind this holding was, in part, because "[t]he immense danger posed by machineguns, the moral depravity in choosing the weapon, and the substantial increase in the minimum sentence provided by the statute." *Id.; citing O'Brien* at 230, 235. In reaching its conclusion, the Court emphasized "the potential unfairness that could result from classifying the machinegun provision as a sentencing factor because it could very well produce a conflict between the judge and the jury (given that the jury could find that the defendant used a pistol and the judge at sentencing could find that it was a machinegun) and result in a 'drastic, sixfold increase' in the severity of the sentence (from the five-year mandatory minimum for a firearm to the thirty-year minimum for a machinegun)." *Id.; citing O'Brien* at 228-229.

Based upon the above Supreme Court guidance thoroughly described by the First Circuit in *Perez-Greaux,* the First Circuit vacated appellate's conviction on the machine gun count and remanded his case for a new trial. *Id.* at 22-23. Given this case, Defendant's proposed jury instructions are patterned after appellate's jury instructions in *Perez-Greaux* that were submitted to the trial court. **Exhibit 1** – Perez-Greaux's Jury Instructions, generally. Under Instruction Number 26, it provided that the government had to prove defendant "had knowledge of the characteristics that made the weapon a machinegun." Id. at Page ID 33. This proposed instruction was based upon pattern jury instructions from the First Circuit. Id. at Page ID 34; *citing* Instruction 4.18.924 (2019), Pattern Jury Instructions for the First Circuit.

III.   **CONCLUSION**

According to the law, and common sense, the government must be required to prove beyond a reasonable doubt that Defendant knew the subject firearm in this case was a machine gun. To sentence someone to thirty years based upon a strict liability theory for Count 4 would

violate the mens rea presumption and shock the conscience. Therefore, Defendant moves the Court to adopt his proposed jury instructions for Count 4.

Respectfully submitted,

TRUE GUARNIERI AYER, LLP
124 Clinton Street
Frankfort, Kentucky 40601
Phone: (502) 605-9900
Fax: (502) 605-9901
plawson@truelawky.com

*/s/ Philip C. Lawson*
PHILIP C. LAWSON
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Memorandum has been served this the 10th day of September, 2024 by filing same via the CM/ECF System, which will send electronic notice to all counsel of record.

*/s/ Philip C. Lawson*
ATTORNEY FOR DEFENDANT
