**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**LUIS PEREZ-GREAUX [1],**<br>Defendant. | **Crim. No.:**    18-389 (FAB) |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

**TO THE HONORABLE COURT:**

     **COMES NOW,** Luis Perez-Greaux, represented by the Federal Public Defender for the District of Puerto Rico through the undersigned counsel, who respectfully requests that the following instructions (see Exhibit A) be given to the jury:

1.  Duties of the Jury

2.  Nature of Indictment; Presumption of Innocence

3.  Preliminary Statement of Elements of Crime

4.  Evidence; Objections; Rulings; Bench Conferences

5.  Credibility of Witnesses

6.  Conduct of Jury

7.  Notetaking

8.  Outline of the Trial

9.  Impeachment by Prior Inconsistent Statement



10. Weighing the Testimony of an Expert Witness

11. Statements by Defendant

12. Missing Witness

13. Definition of "Knowingly"

14. Duty of the Jury to Find Facts and Follow Law

15. Presumption of Innocence; Proof Beyond a Reasonable Doubt

16. Defendant's Constitutional Right Not to Testify

17. What is Evidence; Inferences

18. Kinds of Evidence: Direct and Circumstantial

19. Credibility of Witnesses

20. Cautionary and Limiting Instructions as to Particular Kinds of Evidence

21. What Is Not Evidence

22. Credibility of Law Enforcement Witnesses

23. Defense Theory

24. Spoliation

25. Elements of Crime under 18 U.S.C § 924(c)(1)(A)

26. Elements of Crime under 18 U.S.C. § 924(c)(1)(B)(ii)

27. Elements of Crime under 18 U.S.C. § 922(o)

28. Elements of Crime under 21 U.S.C § 841(a)(1)

29. Elements of Crime under 18 U.S.C § 922(g)(1)

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on September 5, 2019.

**CERTIFICATE OF SERVICE:**    I hereby certify that on today's date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a copy of the instant document to all parties of record.

**Eric A. Vos, Esq.**
**Federal Public Defender**
**District of Puerto Rico**

**/s/ Victor M. Chico Luna**
Victor M. Chico-Luna, Esq.
Research & Writing Specialist
USDC-DPR # 228013
Federal Public Defender
District of Puerto Rico
241 F.D. Roosevelt Ave.
San Juan, PR 00918-2441
Tel.:    787-281-4922
Fax:    787-281-4899
Email: victor_chico@fd.org

## DEFENDANT'S JURY INSTRUCTION NUMBER 1

### Duties of the Jury

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so, you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Authority

Inst. 1.01 (updated 6/14/02), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*.

**DEFENDANT'S JURY INSTRUCTION NUMBER 2**

**Nature of Indictment; Presumption of Innocence**

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by Assistant United States Attorney Sean Murphy. Defendant, Luis Perez-Greaux, is represented by his lawyers, Assistant Federal Public Defenders Victor M. Chico-Luna and Victor P. Miranda-Corrada.

Luis Perez-Greaux has been charged by the government with violation of a federal law. The charges against Luis Perez-Greaux are contained in the indictment. The indictment is simply the description of the charges against Luis Perez-Greaux; it is not evidence of anything. Luis Perez-Greaux pleaded not guilty to the charge and denies committing the crime. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

<u>Authority</u>

Inst. 1.02 (updated 7/27/07), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*.

## DEFENDANT'S JURY INSTRUCTION NUMBER 3

### Preliminary Statement of Elements of Crime

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case:

As to Count ONE:

*First*, Luis Perez-Greaux committed the crime of possession with intent to distribute controlled substances, described in Count FOUR; and

*Second*, Luis Perez-Greaux knowingly possessed the firearm in furtherance of the commission of the crime described in Count FOUR. Possession "in furtherance of" requires some connection between the firearm and the crime described in Count FOUR. If a firearm is present simply as a result of coincidence or accident it cannot be said that it was used or carried in relation to Count FOUR.

As to Count TWO:

*First*, the government must prove the same elements as to Count ONE;

*Second,* the firearm used for the commission of that crime was as machinegun; and

*Third*, Luis Perez-Greaux had knowledge of the characteristics that made the weapon a machinegun.[1]

As to Count THREE:

*First*, Luis Perez-Greaux knowingly possessed the machinegun described in the indictment; and

*Second*, Luis Perez-Greaux had knowledge of the characteristics that made the weapon a machinegun.

As to Count FOUR:

*First*, that Luis Perez-Greaux on that date possessed cocaine, either actually or constructively;

*Second*, that he did so with a specific intent to distribute cocaine over which he had actual or constructive possession; and

*Third*, that he did so knowingly and intentionally.

As to Count FIVE:

*First*, that Luis Perez-Greaux has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

---

[1] The Supreme Court has determined that the fact that a firearm was a machinegun is an element to be proved to the jury beyond a reasonable doubt. United States v. O'Brien, 560 U.S. 218, 130 S. Ct. 2169, 2170, 176 L. Ed. 2d 979 (2010). When a defendant chooses a machinegun instead of a less dangerous weapon, he is making a culpable choice which triggers a thirty-year mandatory minimum. The First Circuit has not affirmatively decided whether knowledge that the weapon is a machinegun is or is not an element of the offense. Based on O'Brien and the fact that the "existence of a *mens rea* is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence", Dennis v. United States, 341 U.S. 494, 500 (1951), we submit to the Court that knowledge that the firearm was a machinegun is an element to be proved to the jury beyond a reasonable doubt.

*Second*, that Luis Perez-Greaux knowingly possessed the firearm described in the indictment; and

*Third*, that the firearm was connected with interstate or foreign commerce. This means that the firearm at any time after it was manufactured, moved from one state to another or from a foreign country into the United States.

A "machinegun" is any weapon that shoots, is designed to shoot, or can readily be restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial, I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

Authority

Inst. 1.04 (updated 6/14/02), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*.

## DEFENDANT'S JURY INSTRUCTION NUMBER 4

### Evidence; Objections; Rulings; Bench Conferences

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated - that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or

exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Authority

Inst. 1.05 (updated 6/14/02), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*.

**DEFENDANT'S JURY INSTRUCTION NUMBER 5**

**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

<u>Authority</u>

Inst. 1.06 (updated 6/14/02), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*.

## DEFENDANT'S JURY INSTRUCTION NUMBER 6

### Conduct of Jury

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the case sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research on the internet about anything in the case or consult blogs or dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, do not discuss the case or anyone involved with it, or your status as a juror on any social media or look up any of the participants there;

Eighth, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Ninth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.


<u>Authority</u>

Inst. 1.07 (updated 4/29/13), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*.

**DEFENDANT'S JURY INSTRUCTION NUMBER 7**

**Notetaking**

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

<u>Authority</u>

Inst. 1.08 (updated 6/14/02), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*.

## DEFENDANT'S JURY INSTRUCTION NUMBER 8

### Outline of the Trial

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, Luis Perez-Greaux's attorneys may, if they choose, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next, the government will offer evidence that it says will support the charges against Luis Perez-Greaux. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. In a moment, I will say more about the nature of evidence.

After the government's evidence, Luis Perez-Greaux's lawyers may present evidence on his behalf, but they are not required to do so. I remind you that Luis Perez-Greaux is presumed innocent, and the government must prove his guilt beyond a reasonable doubt. Luis Perez-Greaux does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements

by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments, the lawyers for the government and Luis Perez-Greaux will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions. Your deliberations will be secret. You will never have to explain your verdict to anyone.

<u>Authority</u>

Inst. 1.09 (updated 6/14/02), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*.

## DEFENDANT'S JURY INSTRUCTION NUMBER 9

### Impeachment by Prior Inconsistent Testimony

You have heard evidence that before testifying at this trial, the government's witnesses made statements concerning the same subject matter as their testimony in this trial. You may consider those earlier statements to help you decide how much of the witnesses' testimony to believe. If you find that the prior statements were not consistent with the witnesses' testimony at this trial, then you should decide whether that affects the believability of the witnesses' testimony at this trial.

<u>Authority</u>

Inst. 2.03 (updated 6/14/02), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*.

**DEFENDANT'S JURY INSTRUCTION NUMBER 10**

**Weighing the Testimony of an Expert Witness**

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion. You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

<u>Authority</u>

Instr. No. 2.07 (updated 3/25/15), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit.*

## DEFENDANT'S JURY INSTRUCTION NUMBER 11

### Statements by Defendant

You have heard evidence that Luis Perez-Greaux made a statement in which the government claims he admitted certain facts.

It is for you to decide (1) whether Luis Perez-Greaux made the statement, and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

<u>Authority</u>

Instr. No. 2.11 (updated 5/8/17), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*.

## DEFENDANT'S JURY INSTRUCTION NUMBER 12

### Missing Witness

If it is peculiarly within the power of the government to produce a witness who could give material testimony, or if a witness, because of his/her relationship to the government, would normally be expected to support the government's version of events, the failure to call that witness may justify an inference that his/her testimony would in this instance be unfavorable to the government. You are not required to draw that inference, but you may do so. No such inference is justified if the witness is equally available to both parties, if the witness would normally not be expected to support the government's version of events, or if the testimony would merely repeat other evidence.

Authority

Instr. No. 2.12 (updated 1/6/15), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit.*

**DEFENDANT'S JURY INSTRUCTION NUMBER 13**

**Definition of "Knowingly"**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

Authority

Instr. No. 2.15 (updated 10/5/2012), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*.

## DEFENDANT'S JURY INSTRUCTION NUMBER 14

### Duty of the Jury to Find Facts and Follow Law

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

Authority

Instr. No. 3.01 (updated 6/14/02), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit.*

## DEFENDANT'S JURY INSTRUCTION NUMBER 15

### Presumption of Innocence; Burden of Proof and Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Luis Perez-Greaux, has the benefit of that presumption throughout the trial, and you are not to convict him of the crime charged unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence means that Luis Perez-Greaux has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof belongs to the government and this burden stays with the government throughout the trial.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Luis Perez-Greaux is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Luis Perez-Greaux. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Luis

Perez-Greaux has the right to rely upon the failure or inability of the government to establish any essential element of a crime charged against him beyond a reasonable doubt.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Luis Perez-Greaux's guilt of the crime charged, it is your duty to acquit him of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Luis Perez-Greaux's guilt of the crime charged, you should find him guilty of that crime.

Authority

Instr. No. 3.02 (updated 4/8/16), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*.

## DEFENDANT'S JURY INSTRUCTION NUMBER 16

### Defendant's Constitutional Right Not to Testify

Luis Perez-Greaux has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that he did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

<u>Authority</u>

Instr. No. 3.03 (updated 2/10/16), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*.

## DEFENDANT'S JURY INSTRUCTION NUMBER 17

### What is Evidence; Inferences

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and Luis Perez-Greaux accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences, as you believe are justified in the light of common sense and personal experience.

<u>Authority</u>

Instr. No. 3.04 (updated 8/10/07), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit.*

**DEFENDANT'S JURY INSTRUCTION NUMBER 18**

**Kinds of Evidence: Direct and Circumstantial**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

<u>Authority</u>

Instr. No. 3.05 (updated 6/14/02), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*.

## DEFENDANT'S JURY INSTRUCTION NUMBER 19

### Credibility of Witnesses

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as a witness's conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

<u>Authority</u>

Instr. No. 3.06 (updated 6/14/02), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*.

**DEFENDANT'S JURY INSTRUCTION NUMBER 20**

**Cautionary and Limiting Instructions as to Particular Kinds of Evidence**

The Court may have admitted a particular item of evidence in certain instances for a limited purpose only. That is, you can use that item of evidence only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

Authority

Instr. No. 3.07 (updated 6/14/02), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit.*

## DEFENDANT'S JURY INSTRUCTION NUMBER 21

### What Is Not Evidence

Certain things are not evidence. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that Luis Perez-Greaux has had an indictment filed against him is no evidence whatsoever of his guilt. The

indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

Authority

Instr. No. 3.08 (updated 6/14/02), 2018 U.S. District of Maine Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*.

**DEFENDANT'S JURY INSTRUCTION NUMBER 22**

**Credibility of Law Enforcement Officers**

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his or her testimony may be covered by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

<u>Authority</u>

Instruction 4.18 (2017), Third Circuit, Model Criminal Jury Instructions.

**DEFENDANT'S JURY INSTRUCTION NUMBER 23**

**Defense Theory**

Luis Perez-Greaux requests that the Court allow him to reserve the right to request a theory of defense instruction at the close of trial should sufficient evidence be presented at trial to warrant such an instruction.[2]

Authority

6th Circuit Model Criminal Jury Instructions, 6.01 (2017).

---

[2] United States v. Rodriguez, 858 F.2d 809, 812 (1st Cir. 1988); United States v. Powers, 702 F.3d 1, 8 (1st Cir. 2012)("It is a basic tenet of criminal law that a defendant is entitled to an instruction on his theory of defense provided that the theory is a legally valid one and there is evidence in the record to support it.").

**DEFENDANT'S JURY INSTRUCTION NUMBER 24**

**Spoliation**

Luis Perez-Greaux requests that the Court allow him to reserve the right to request a spoliation of evidence instruction at the close of trial should sufficient evidence be presented at trial to warrant such an instruction.

## DEFENDANT'S JURY INSTRUCTION NUMBER 25

### Elements of Crime under 18 U.S.C § 924(c)(1)(A)

Luis Perez-Greaux is accused of possessing a firearm in furtherance of a drug trafficking crime. It is against federal law to possess a firearm in furtherance of a drug trafficking crime. For you to find Mr. Perez-Greaux guilty of this crime, you must be satisfied that the government has proven each of the following things:

First, Mr. Perez-Greaux committed the crime of possession with intent to distribute cocaine, described in Count FOUR; and

Second, Mr. Perez-Greaux knowingly used or carried a firearm during and in relation to the commission of that crime.

The word knowingly means that an act was done voluntarily and intentionally, not because of mistake or accident.

Possession "in furtherance of" requires some connection between the firearm and the crime described in Count FOUR. If a firearm is present simply as a result of coincidence or accident it cannot be said that it was possessed in relation to Count FOUR. The firearm must have played a role in the crime or must have been intended by the defendant to play a role in the crime. That need not have been its sole purpose, however. Possession alone without proof of a relationship to the underlying crime is insufficient.

Authority

Instruction 4.18.924 (2019) Pattern Jury Instructions for the First Circuit. *United States v. Plummer*, 964 F.2d 1251 (1st Cir. 1992).

## DEFENDANT'S JURY INSTRUCTION NUMBER 26

## Elements of Crime under 18 U.S.C. § 924(c)(1)(B)(ii)

Luis Perez-Greaux is accused of possessing a firearm in furtherance of a drug trafficking crime. It is against federal law to possess a firearm in furtherance of a drug trafficking crime. For you to find Mr. Perez-Greaux guilty of this crime, you must be satisfied that the government has proven each of the following things:

First, Mr. Perez-Greaux committed the crime of Possession of a Controlled Substance with Intent to Distribute, described in Count FOUR;

Second, Mr. Perez-Greaux knowingly possessed a firearm during and in relation to the commission of that crime;

Third, that the firearm is a machinegun; and

Fourth, that Mr. Perez-Greaux had knowledge of the characteristics that made the weapon a machinegun.[3]

A "machinegun" is any weapon that shoots, is designed to shoot, or can readily be restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

The word "knowingly" means that an act was done voluntarily and intentionally, not because of mistake or accident."

Possession "in furtherance of" requires some connection between the firearm and the crime described in Count FOUR. If a firearm is present simply as a result of coincidence or

---

[3] See footnote 1, *supra*.

accident it cannot be said that it was used or carried in relation to Count FOUR. The firearm must have played a role in the crime or must have been intended by the defendant to play a role in the crime. That need not have been its sole purpose, however.

Authority

Instruction 4.18.924 (2019), Pattern Jury Instructions for the First Circuit.

## DEFENDANT'S JURY INSTRUCTION NUMBER 27

### Elements of Crime under 18 U.S.C. § 922(o)

Mr. Perez-Greaux is charged with possessing a machinegun. It is against federal law to possess a machinegun. For you to find Mr. Perez-Greaux guilty of this crime, you must be satisfied that the government has proven beyond a reasonable doubt that:

First, Mr. Perez-Greaux knowingly possessed the machinegun described in the indictment; and

Second, Mr. Perez-Greaux had knowledge of the characteristics that made the weapon a machinegun.

A "machinegun" is any weapon that shoots, is designed to shoot, or can readily be restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

The term "possess" means to exercise authority, dominion or control over something. It is not necessarily the same as legal ownership. The law recognizes different kinds of possession.

Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his or her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to

exercise control over something is in constructive possession of it. Whenever I use the term

"possession" in these instructions, I mean actual as well as constructive possession.

<u>Authority</u>

Instruction 4.18.922(o) (2019). Pattern Jury Instructions for the First Circuit (modified for clarity).

## DEFENDANT'S JURY INSTRUCTION NUMBER 28

## Elements of Crime under 21 U.S.C § 841(a)(1)

Mr. Perez-Greaux is accused of possessing cocaine on about June 5, 2018, and intending to distribute it to someone else. It is against federal law to have cocaine in your possession with the intention of distributing it to someone else. For you to find Mr. Perez-Greaux guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that Mr. Perez-Greaux on that date possessed cocaine, either actually or constructively;

Second, that he did so with a specific intent to distribute the cocaine over which he had actual or constructive possession; and

Third, that he did so knowingly and intentionally.

It is not necessary for you to be convinced that Mr. Perez-Greaux actually delivered the cocaine to someone else, or that he made any money out of the transaction. It is enough for the government to prove, beyond a reasonable doubt, that he had in his possession what he knew was cocaine and that he intended to transfer it or some of it to someone else.

The term "possess" means to exercise authority, dominion or control over something. The law recognizes different kinds of possession.


Authority

Instruction 4.21.841(a)(1)A (2019). Pattern Jury Instructions for the First Circuit.

## DEFENDANT'S JURY INSTRUCTION NUMBER 29

### Elements of Crime under 18 U.S.C § 922(g)(1)

Mr. Perez-Greaux is charged with possessing a firearm in or affecting commerce after having been convicted of a crime punishable by imprisonment for more than one year. It is against federal law for a convicted felon to possess a firearm that was connected with interstate or foreign commerce. For you to find Mr. Perez-Greaux guilty of this crime, you must be satisfied that the government has proven each of the following things beyond a reasonable doubt:

First, that Mr. Perez-Greaux has been and knows that he has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year. The parties have stipulated that Mr. Perez-Greaux was convicted and knew he was convicted of a crime which is punishable by imprisonment for a term exceeding one year. You are to take that fact as proven.

Second, that Mr. Perez-Greaux knowingly possessed the firearm described in the indictment. The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive. The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

Third, that the firearm at any time after it was manufactured, moved from one state to another or from a foreign country into the United States. The travel need not have been connected to the charge in the indictment, need not have been in furtherance of any unlawful activity and need not have occurred while Mr. Perez-Greaux possessed the firearm.

The government does not have to prove that Mr. Perez-Greaux knew that his/her conduct was illegal.

The term "possess" means to exercise authority, dominion or control over something. It is not necessarily the same as legal ownership. The law recognizes different kinds of possession.

<u>Authority</u>

Instruction 4.18.922(g) (2019). Pattern Jury Instructions for the First Circuit.