# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

CRIMINAL NO. 5:23-CR-00110-S-KKC

UNITED STATES OF AMERICA                                      PLAINTIFF

V.          **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

KEITH LAMONT STALLWORTH                            DEFENDANT
a/k/a "MONSTA"

* * * * *

The United States submits the attached proposed Instructions on the substantive law of Count 4 as directed by the Agreed Order (Doc # 72). Additionally, the United States submits jury instructions herein for Counts 3 and 5.

Standard requested jury instructions requested would include the following from the Sixth Circuit Pattern Criminal Jury Instructions: §§ 1.01, 1.02, 1.03, 1.04, 1.05, 1.06, 1.07, 1.08, 1.09, 2.01, 2.01A, 2.02, 2.04, 2.08, 2.10, 7.01, 7.02A or 7.02B (whichever is applicable), 7.03, 7.03A, 7.05A (if applicable), 7.05B, 7.06B, 7.07, 7.11, 7.14, 7.19, 7.21, 8.01, 8.02, 8.03, 8.04, 8.05, 8.06, 8.08, 8.09, 8.10, 12.01, and 12.03. The United States respectfully reserves the right to withdraw or submit additional instructions if the evidence at the trial so warrants. Additional jury instructions for Counts 7 and 8 as well as forfeiture instructions will be submitted in advance of the trial.

Respectfully submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By: /s/ *Roger W. West*
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 233-2661
Roger.West@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that on 16 September 2024, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the attorney of record.

/s/ *Roger W. West*
Assistant United States Attorney

# COUNT 3

## 12.02 FIREARMS – Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime (18 U.S.C. § 924(c)(1))

(1) Count 3 of the indictment charges the defendant with violating federal law by using and carrying a firearm during and in relation to a drug trafficking crime(s).

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

   (A) First: That the defendant committed any or all of the crimes charged in Counts 1 and/or 2 which are drug trafficking crimes which may be prosecuted in a court of the United States.

   (B) Second: That the defendant knowingly used or carried a firearm.

   (C) Third: That the use and carry of the firearm was during and in relation to the crimes charged in Counts 1 and/or 2.

(2) Now I will give you more detailed instructions on some of these terms.

   (A) To establish **"use"** the government must prove active employment of the firearm during and in relation to the crimes charged in Counts 1 and /or 2. **"Active employment"** means activities such as brandishing, displaying, striking with, and most obviously, firing or attempting to fire, a firearm. **"Use"** also includes a person's reference to a firearm in his possession for the purpose of helping to commit the crime charged in Counts 1 and/or 2. **"Use"** means more than mere possession or storage.

   (B) **"Carrying"** a firearm includes carrying it on or about one's person.

(C) The term **"firearm"** means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. [The term "firearm" also includes the frame or receiver of any such weapon, and any firearm muffler or firearm silencer, and any destructive device.

(D) The term **"knowingly"** means voluntarily and intentionally, and not because of mistake or accident.

(E) The term **"during and in relation to"** means that the firearm must have some purpose or effect with the crimes charged in Counts 1 and/or 2; in other words the firearm must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count 1 and/or 2, and its presence or involvement cannot be the result or accident or coincidence.

## COUNT 4

**12.03 FIREARMS – Possessing a Firearm In Furtherance Of A Crime Of Violence Or Drug Trafficking Crime (18 U.S.C. § 924(c)(1)(A)(i))**

(3) Count 4 of the indictment charges the defendant with violating federal law by possessing a firearm (a machine gun) in furtherance of a trafficking crime(s). For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First: That the defendant committed any or all of the crimes charged in Counts 1 and/or 2 which are drug trafficking crimes which may be prosecuted

in a court of the United States.

(B) Second: That the defendant knowingly possessed a firearm.

(C) Third: That the possession of the firearm was in furtherance of the crimes charged in any or all of Count 1 and 2.

(4) Now I will give you more detailed instructions on some of these terms.

(A) The term **"firearm"** means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. [The term "firearm" also includes the frame or receiver of any such weapon, and any firearm muffler or firearm silencer, and any destructive device.

(B) The term **"knowingly"** means voluntarily and intentionally, and not because of mistake or accident.

(C) The term **"in furtherance of"** means that the firearm was possessed to advance or promote any or all the crimes charged in Counts 1 and 2. In deciding whether the firearm was possessed to advance or promote the crimes charged in Counts 1 and/or 2, you may consider these factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of crime drug trafficking crime]; and (6) the time and circumstances under which the firearm was found. This list is not exhaustive.

# INSTRUCTION ___
## 14.07A
### (See also Committee Commentary to Instruction 12.03)
### Unanimity Required: Determining the Type of Firearm
### (18 U.S.C. § 924(c)(1)(A))

(1) If you find the defendant guilty of Count Four possession of a firearm (a machine gun) in furtherance of a drug trafficking crime(s) as charged in Counts 1 and/or 2, you will be asked to determine the type of firearm involved in Count Four. You will be provided with a special verdict form for this purpose.

(2) If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the firearm in Count Four is a "machinegun," then please indicate this finding by checking that line on the special verdict form.

(3) Now I will give you more detailed instructions on some of additional terms.

    A. The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term also includes the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.[1]

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

**Sixth Circuit Pattern Criminal Jury Instructions §12.03**

**Sixth Circuit Pattern Criminal Jury Instructions §§14.01 and 2.10**

---

[1] See 18 U.S.C. § 921(a)(24) and 26 U.S.C. § 5845(b)

# COUNT 5

## 12.01 FIREARMS – Possession of Firearm
## by Convicted Felon (18 U.S.C. 922(g)(1))

(1) Count 5 of the Indictment charges the defendant with being a convicted felon in possession of a firearm. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First: That the defendant has been convicted of a crime punishable by imprisonment for more than one year. [The government and the defendant have agreed that defendant has previously been convicted of a crime punishable by imprisonment for more than one year.]

(B) Second: That the defendant, following his conviction, knowingly possessed a firearm specified in the indictment.

(C) Third: That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year.

(D) Fourth: That the specified firearm crossed a state line prior to the alleged possession. [It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky].

(2) Now I will give you more detailed instructions on some of these elements.

(A) The term **"firearm"** means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. [The

term firearm also means the frame or receiver of any such weapon, any firearm muffler or firearm silencer, or any destructive device.] [The term firearm does not include an antique firearm.] [The term firearm includes starter guns.]

   (B) The term **"knowingly"** means voluntarily and intentionally, and not because of mistake or accident.

 (3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**Sixth Circuit Pattern Criminal Jury Instructions §12.01**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

CRIMINAL NO. 5:23-CR-00110-S-KKC

UNITED STATES OF AMERICA                          PLAINTIFF

V.                    **VERDICT FORM**

KEITH LAMONT STALLWORTH                        DEFENDANT
a/k/a "MONSTA"

\* \* \* \* \*

We, the Jury, as to the Defendant **KEITH LAMONT STALLWORTH**, unanimously find the following:

As to **Count 3**, Use and Carry of a firearm, to wit: a Palmetto State Armory Mode: caliber 57 handgun (S/N RK019368), during and in relation to the drug trafficking crimes as charged in Counts 1 and/or 2 of this Indictment for which he may be prosecuted in a court of the United States.

**GUILTY** _____ **NOT GUILTY** _____

As to **Count 4**, possession of a firearm to wit: **a machine gun** described as a Smith and Wesson .40 caliber semiautomatic pistol (S/N BFBS864) GMB H, Model 27GEN4 originally manufactured as a semi-automatic by Glock, GMBH in Austria, in furtherance of the drug trafficking crimes as charged in Counts 1 and/or 2 for which he may be prosecuted in a court of the United States.

**GUILTY** _____ **NOT GUILTY** _____


As to **Count 5**, knowingly he had been convicted of a felony offense punishable by aa term of one year or more, did possessing in and affecting commerce, firearms after previously being convicted of a felony offense, all in violation of 18 U.S.C. § 922(g)

**GUILTY** _____ **NOT GUILTY** _____


_____
**FOREPERSON**