UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>KEITH LAMONT STALLWORTH<br>    Defendant. | CRIMINAL NO. 5:23-110-KKC-MAS-1<br><br><br>**ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendant's request at the telephonic conference held on May 5, 2025, for the Court's ruling on an issue outlined in the parties' proposed jury instructions. (DEs 73, 74.) The Court will thus construe the defendant's request and proposed jury instructions as a pending motion.

This case was set for trial on October 15, 2024, but was continued for reasons not germane here. (DE 80.) Prior to the anticipated start of trial, the parties submitted proposed jury instructions with supporting analysis. The parties were specifically ordered to provide analysis for their respective jury instructions relating to Count 4, which charges the defendant with violation of 18 U.S.C. § 924(c)(1)(A) by possessing a firearm in furtherance of a drug trafficking offense. That subsection further provides that if the firearm involved "is a machinegun . . . the person shall be sentenced to a term of imprisonment of not less than 30 years." § 924(c)(1)(B)(ii). Here, the firearm involved in Count 4 is alleged to be a machinegun.

With respect to Count 4, the defendant argues that the government must prove, and the jury must unanimously find, that he "had knowledge of the characteristics that made the weapon [in Count 4] a machinegun." (DE 73 at 4.) The government argues that the jury must simply unanimously agree "that the firearm in Count Four is a 'machinegun.'" (DE 72 at 6.)

Here, the government need only prove beyond a reasonable doubt that the firearm in Count 4 is a "machinegun." The defendant's knowledge of the characteristics that made the firearm a machinegun is not an element of the offense charged in Count 4. Committee Commentary to Sixth Circuit Pattern Instruction 12.03, the Pattern Instruction for a charged violation of § 924(c)(1)(A), provides helpful guidance on this issue.

The Committee Commentary suggests that "[i]f the prosecution is based on a violation of § 924(c) involving an increase in the mandatory minimum sentence, the Committee recommends that the Court give an instruction like Instruction 14.07(A) or (B)." *See* Committee Commentary to Instruction 12.03. Here, Count 4 is based on a violation of § 924(c) involving an increase in the mandatory minimum sentence. Thus, the Court finds an instruction like Instruction 14.07A or B appropriate.

Instructions 14.07A and B pertain to drug charges with elevated statutory mandatory minimum penalties based on the **quantity** of the drug involved. This is similar to the statutory framework involved in a § 924(c) offense where the **type** of firearm involved may trigger statutory mandatory minimum penalties. Instructions 14.07A and B specifically state that a finding that a defendant knew the **quantity** of the controlled substance is not required. Pattern Instruction 14.07A(4) ("In determining the quantity of the controlled substance involved in the offense, you need not find that the defendant knew the quantity involved in the offense[,]"); Pattern Instruction 14.07B(4) ("[i]n determining the quantity of the controlled substance, you need not find that the defendant knew that his offense involved this quantity of drugs.").

Here, modeling the Count 4 instruction for a § 924(c) violation after Instruction 14.07A or B, as instructed by the Commentary, the Court finds that the defendant's knowledge regarding what type of firearm he possessed is not a finding the jury must make.

This 19th day of May, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY