UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff,<br><br>v.<br><br>KEITH LAMONT STALLWORTH<br>    Defendant. | CASE NO. 5:23-CR-110-KKC-MAS-1<br><br>OPINION AND ORDER |

*** *** ***

This matter is before the Court on Defendant Keith Lamont Stallworth's Motion for a Judgment of Acquittal or, alternatively, Motion for New Trial (DE 124). Stallworth's Motion arises from his recent jury trial, where he was convicted of five counts of drug trafficking and firearms offenses. For the following reasons, Defendant's Motion (DE 124) is DENIED.

## I. BACKGROUND

In August 2023, DEA and ATF agents arrested Stallworth outside of his residence. (DE 1 ¶ 7.) Upon searching his room, agents discovered a .40 caliber Glock 19 handgun in his dresser. (*Id.* ¶ 10.) Along with multiple other guns and a variety of drugs, agents seized the .40 caliber Glock 19. (*Id.* ¶¶ 7–10.) Subsequent testing and analysis revealed that there was a machinegun conversion device a/k/a a "switch" soldered into the rear of the firearm. (DE 42-1 at 4.) A switch is an illegal device that allows a traditionally semi-automatic weapon to discharge all of its ammunition with a single trigger pull. In essence, a switch converts a semi-automatic handgun into a fully automatic machinegun.

The count at issue is Count 4 charged Stallworth with knowingly possessing a machinegun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

(DE 29 at 3.) The dispute centers on the knowledge requirement listed in Count 4, Question 2(a) of the verdict form.

Before trial, the parties submitted proposed jury instructions. (DEs 73, 74.) They disputed whether § 924(c) required the Jury to find that Stallworth knew the firearm was a machinegun. In an order later overruled, the Court held that the Jury need not make that finding. (DE 99.) The case then proceeded to trial.

At the close of day two of the trial, the Court changed its ruling on Count 4 of the jury instructions. The Court held that the Government must to prove that Stallworth knew the weapon had the characteristics of a machinegun as defined by the statute. (DE 122 at 2-124–126.) The verdict form therefore included Question 2(a), which read:

> **Question 2(a):** With respect to Count 4, please indicate your finding below regarding whether the government has proved beyond a reasonable doubt that the firearm in Count 4 is a "machinegun" and that Defendant KEITH STALLWORTH knew the firearm had the characteristics of a machinegun:
>
> ____we unanimously find that the firearm in Count 4 is a machinegun and that Defendant KEITH STALLWORTH knew the firearm had the characteristics of a machinegun.
>
> ____ we do not unanimously find that the firearm in Count 4 is a machinegun or we do not unanimously find that Defendant KEITH STALLWORTH knew the firearm had the characteristics of a machinegun.

The Jury returned a guilty verdict on Count 4. (DE 111 at 1–2.) Specifically, under Question 2(a), the Jury found that he "knew the firearm had the characteristics of a machinegun." (*Id.*)

Now, Stallworth moves this Court to acquit him pursuant to Fed. R. Crim. P. 29(c)(2) on Count 4, or, in the alternative, order a new trial under Fed. R. Crim. P. 33(a). Stallworth argues that the Jury's verdict on Count 4/Question 2(a) of the verdict form should be set aside, as there was insufficient evidence to find that Defendant knew the subject firearm was a machinegun. (DE 124 at 1.) The Court will consider his alternative arguments in turn.

## II. ANALYSIS

### A. Motion for a Judgment of Acquittal

Stallworth asks the Court to enter a judgment of acquittal because no rational jury could have found that he had knowledge that the firearm at issue was a machinegun. (DE 124 at 9.) He contends that the overwhelming weight of the evidence establishes more than reasonable doubt as to his knowledge of the alleged machinegun. (*Id*.)

A judgment of acquittal under Federal Rule of Criminal Procedure 29 is only appropriate where the evidence presented at trial was insufficient to sustain the conviction. *United States v. Cox*, 593 F.2d 46, 48 (6th Cir. 1979) ("A motion for acquittal pursuant to Rule 29, Fed. Crim. P., takes the place of a motion for directed verdict and raises the question of whether the evidence is sufficient to support a verdict."). The Court "may 'reverse a judgment for insufficiency of evidence only if th[e] judgment is not supported by substantial and competent evidence upon the record as a whole.'" *United States v. Chaney*, 211 F. Supp. 3d 960, 966 (E.D. Ky. 2016) (quoting *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002)). Substantial evidence is evidence that a "reasonable mind might accept to support a conclusion." *Id*. at 967 (internal quotation marks omitted). In determining whether the evidence was insufficient to sustain a conviction, a court cannot weigh evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *Id*. at 967. "The Court thus will uphold a jury verdict 'if, viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id*. (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *accord United States v. Vichitvongsa*, 819 F.3d 260, 270 (6th Cir. 2016).

Viewing the evidence in the light most favorable to the prosecution, the Court finds that a reasonable mind could conclude Stallworth was guilty beyond a reasonable doubt of Count 4. *United States v. Davis*, 981 F.2d 906, 908 (6th Cir. 1992). The Jury was presented with a plethora of evidence from both sides regarding Stallworth's knowledge of the machinegun. Viewing the evidence in the record as a whole, a rational trier of fact could have found the essential elements of 18 U.S.C. § 924(c)(1)(A) were met beyond a reasonable doubt.

To prove Stallworth's knowledge, the Government relied on witness testimony. The witness, David Sam, testified that he had a conversation with Stallworth about purchasing a gun, and that Stallworth made a motion with his hand indicating that the weapon was automatic. (DE 127 at 1.) Additionally, the Government relied on circumstantial evidence to show knowledge, by offering as evidence the firearm at issue, an extended magazine that fit into the firearm, and an assortment of ammunition.

To rebut the Government's claim that Stallworth knew the firearm was automatic, he advanced several arguments:

(1) Stallworth never mentioned "machinegun" or "switch;"

(2) no one testified that Stallworth knew that the specific firearm in this case was a machinegun;

(3) the only witness implying possible knowledge, David Sam, was a discredited, cooperating witness that never testified that Stallworth knew the subject weapon was a machinegun;

(4) no one testified that Stallworth intentionally covered the back of the gun with tape or even that he was aware of the alleged tape;

(5) law enforcement never mentioned "machinegun" or "switch" until months after the search;

(6) the weapon found on August 10, 2023 was materially different than the one presented at trial, i.e. back of gun black v. silver;

(7) the government's explanation for the material difference was one officer's testimony that he destroyed evidence and failed to mention it to anyone until weeks before trial;

(8) the same government agent issued a report after destroying the evidence and failed to mention the tape incident in his report;

(9) all government reports prepared on the date of the search and August 15, 2023 relating to the search never mentioned "machinegun" or "switch;" and,

(10) the first report mentioning "machinegun" was Agent Morgan's report dated November 3, 2023, the same officer that destroyed the tape.

(DE 124 at 9–10.) Viewing the evidence in the light most favorable to the prosecution, a rational jury could have found that Stallworth knew the weapon was a machinegun based on David Sam's testimony and circumstantial evidence, including the extended magazine and the variety of guns and ammunition recovered from the premises.

Additionally, Stallworth's argument mistakenly asks this Court to consider the credibility of the witnesses or to replace the Jury's judgment with its own. He argues that the testimony of David Sam, a "discredited cooperating witness" was uncorroborated and contrary to significant evidence showing that Stallworth did not know that the gun was a machinegun. (DE 124 at 9.) The extent to which David Sam's testimony is weighed is one of credibility and judgment reserved solely for the province of the Jury. *See United States v. Graham,* 622 F.3d 445, 448 (6th Cir. 2010). The issues affecting the potential credibility of the witness were discussed in the presence of the Jury and it is the duty of the Jury to make its decision by weighing the evidence appropriately. The Court cannot consider the credibility of witnesses as Stallworth asks it to do. *Id.* Because the evidence presented at his trial was sufficient to sustain his conviction, Stallworth's Motion for Acquittal is denied.

**B. Motion for New Trial**

In the alternative, Stallworth moves for a new trial. (DE 124 at 9.) He argues that his Fifth Amendment Due Process rights and Sixth Amendment Compulsory Clause rights were substantially prejudiced during his trial. (*Id.*)

When examining a defendant's motion for a new trial, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

"The decision whether to grant a new trial is left to the sound discretion of the district court." *United States v. Pierce*, 62 F.3d 818, 823 (6th Cir. 1995). "A district judge, in considering the weight of the evidence for purposes of adjudicating a motion for new trial, may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence." *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007) (citing *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998)).

Stallworth contends that he is entitled to present a "complete defense" and was prevented from doing so because the Court's mid-trial ruling on the knowledge element of § 924(c)(1)(A) materially altered the jury instructions. (DE 124 at 10.) Stallworth is correct in that he is entitled to put on a "complete defense." *See Washington v. Texas,* 388 U.S. 14, 19 (1967). In this case, however, Stallworth did put on a complete defense. Although the Jury did not rule in his favor, he was permitted to do all the things a defendant is customarily entitled to do. For example, he put on a strong defense in an attempt to negate the *mens rea* requirements of § 924(c). He also was able present his version of the facts, and had the opportunity to present his own witnesses, which he chose not to do.

It is also worth noting that the Court's modification of the jury instructions ultimately benefited Stallworth. Prior to trial, the Court ruled that the Government was not required to prove that Stallworth knew the firearm was a machinegun or possessed the characteristics of one. (DE 99.) Under this standard, Stallworth would have been found guilty upon proof of mere possession of the weapon. To Stallworth's benefit, the Court changed its earlier ruling and informed the parties that it was going to require the Government to prove that Stallworth knew that the gun "had the characteristics" of a machinegun. (DE 122 at 2-124–126.) This favorable ruling did not prejudice Stallworth's defense; if anything, it imposed an additional burden on the Government.

6

Stallworth further asserts that if the Court had reached its decision regarding the *mens rea* requirement of § 924(c) before the trial his defense strategy would have changed. (*Id.*) Specifically, Stallworth claims that he would have personally testified that he had no knowledge of the switch. (*Id.*) Had the change been known earlier, Stallworth says he would not have pursued a possession-based defense and would instead have emphasized his lack of knowledge that the firearm was a machinegun. (*Id.*)

Stallworth's contentions here do not warrant a new trial. The Court informed the parties at the end of the second day of trial that it was reversing its prior ruling and would require the government to prove for Count 4 that Stallworth knew the firearm had characteristics of a machinegun. Stallworth had the opportunity to testify on the final day but declined, and he could have moved for a continuance due to the instructional change but did not. Further, Stallworth's claim that he would have abandoned a possession-based defense is implausible, as possession of a firearm remains an element of the offense, irrespective of whether the Government would have to prove knowledge of it being a machinegun. *See* 18 U.S.C. § 924(c)(1)(A).

Finally, Stallworth's claim that he "did not focus on his lack of knowledge" is patently false. In the acquittal section of his Motion, Stallworth states that "the overwhelming weight of the evidence" created "more than reasonable doubt that the defendant had no knowledge of the alleged machinegun." (DE 124 at 9.) He even enumerates ten specific assertions as "significant evidence" of his lack of knowledge. *See supra* II.A.(1)– (10). Stallworth thus had full opportunity to argue that (1) he did not possess the firearm and (2) he lacked knowledge that it was a machinegun. Because he presented a complete defense, the interests of justice do not warrant a new trial in this case. Accordingly, Stallworth's Motion for New Trial is denied.

## III. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that the Defendant's Motion for a Judgment of Acquittal, or, alternatively, Motion for New Trial (DE 124) is DENIED.

This 10th day of November, 2025.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge